IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESESTER DUVA McDAUGHTERY,** **Inmate #88831-012,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CIVIL NO. 04-778-MJR ) |
| **OFFICER TIMMONS, THE BUREAU OF PRISONS, and THE UNITED STATES OF AMERICA,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff also brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### *Factual Allegations*

The complaint and supporting exhibits show that on June 2, 2002, Plaintiff was extracted from his cell and put in administrative detention.  Plaintiff states that during this move he was sprayed with pepper spray and shot with one or more pellets from an anti-riot gun.  The alleged "assault and battery" caused him injuries.  Plaintiff states that the defendants owed him a "duty of care."  Plaintiff also states that the defendants engaged in a "bad-jacketing" campaign against him, in which they were attempting to turn other inmates against him.  On the face of the complaint, Plaintiff indicates that he is bringing the action under both civil rights law and the Federal Tort Claims Act ("FTCA").

### *Legal Standards*

Plaintiff's allegations state a claim of excessive force in violation of the Eighth Amendment. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent

touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on these standards and Plaintiff's allegations, Plaintiff has stated and shall be allowed to proceed on the claim of excessive force in violation of the Eighth Amendment.

As to Plaintiff's claim under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiff has filed with his complaint a Bureau of Prisons letter indicating that administrative review had been completed. As such, Plaintiff has stated a claim and shall be allowed to proceed on his FTCA claim.

### *Defendants*

A word about defendants is necessary. In the caption of the complaint, Plaintiff lists Officer Timmons, the Bureau of Prisons, and the United States of America as defendants. In his statement of claim, however, Plaintiff makes specific allegations against only Officer Timmons. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally

responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly, the Bureau of Prisons shall be **DISMISSED** as a defendant from the action.

By this reasoning, it would appear that the United States of America should be dismissed from the action as well. However, under the FTCA, a governmental agency cannot be sued in its own name; the actions must be brought against the United States. *See* 28 U.S.C. § 2679(a), (b)*; FDIC v. Meyer*, 510 U.S. 471 (1994); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Therefore, the United States of America will remain as an indispensable party on the FTCA claim.

### *Summary and Conclusion*

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **OFFICER TIMMONS**, and a summons for the **UNITED STATES OF AMERICA**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The Clerk is **FURTHER DIRECTED** to prepare a copy the summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **OFFICER TIMMONS** in the manner specified by

Rule 4(d)(2) of the Federal Rules of Civil Procedure and to serve the original summons and complaint on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a copy of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Bureau of Prisons pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant, or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 23rd day of February, 2006.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**