IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER DUVA MCDAUGHTERY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **04-778-MJR** |
| ) | |
| **TIMMONS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Court makes the following Report and Recommendation regarding plaintiff McDoughtery's motion for a "prohibitory injunction," which the Court construes as a motion for temporary injunction and/or preliminary injunction. **(Doc. 7).** Plaintiff seeks to prevent the defendants from destroying a June 2, 2002, videotape of the events at issue in this case and requests an order directing the defendants to preserve all evidence relative to this case.

Federal Rule of Civil Procedure 65(b) governs the issuance of temporary restraining orders ("TRO's"). A TRO is an order which may be issued without notice to the party to be enjoined, and which can last no more than ten days. A TRO may issue without notice only if:

> (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

**Fed. P. Civ. P. 65(b)**.

1

	Insofar as plaintiff may also seek a preliminary injunction:

	[T]he purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of their lawsuit. In assessing whether a preliminary injunction is warranted, the party seeking the injunction must demonstrate that: 1) it has a reasonable likelihood of success on the merits of the underlying claim; 2) no adequate remedy at law exists; and 3) it will suffer irreparable harm if the preliminary injunction is denied. If the court is satisfied that these three conditions have been met, it then must consider whether the irreparable harm the applicant will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted. In addition, the court must determine whether the preliminary injunction will harm the public interest.

**Anderson v. U.S.F. Logistics (IMC), Inc., 274 F.3d 470, 474-475 (7th Cir. 2001) (internal citations omitted).**

	The required immediacy of the injury, and possibility of entry of injunctive relief *ex parte* and without notice are what distinguishes a TRO from a preliminary injunction. **Compare Fed.R.Civ.P. 65(a) and Fed.R.Civ.P. 65(b).** The trade-off for issuance of a TRO is that a TRO is extremely limited in duration. **See Levas and Levas v. Village of Antioch, Ill., 684 F.2d 446, 448 (7th Cir. 1982).** A party very well might not qualify for a TRO, but may be entitled to a preliminary injunction. *Id.*

	Regardless of which form of injunctive relief plaintiff seeks, his motion is problematic, in that it offers no explanation of why, in this particular case, the Court should take the extraordinary step of ordering defendant Timmons and the defendant United States to preserve all evidence relating to this case. The possibility of spoliation or destruction of evidence exists in every case, for which the Federal Rules of Civil Procedure provide various sanctions and remedies. *See* **Fed.R.Civ.P. 37.** Therefore, the immediacy and irreparable harm necessary to warrant injunctive relief is completely absent from the subject motion.

**Recommendation**

For the aforestated reasons, plaintiff's motion for injunctive relief **(Doc. 7)** should be denied, as no cause for Court intervention has been pleas, nor has imminent, irreparable harm been alleged.

**SUBMITTED: February 23, 2006**

  s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 13, 2006**.