IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER DUVA MCDAUGHTERY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **04-778-MJR** |
| ) | |
| **OFFICER TIMMONS, and** ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Report and Recommendation regarding plaintiff Lester D. McDaughtery's motion for "summary judgment and proposed compromise/settlement" **(Doc. 18)** is respectfully submitted to United States District Judge Michael J. Reagan.

Plaintiff McDaugherty was, at all relevant times, a prisoner at the United States Penitentiary in Marion, Illinois.  He alleges Officer Timmons initiated a "bad jacketing" campaign aimed at him, in an attempt to turn other inmates against him, or discredit him in the eyes of other prisoners.  More specifically, Timmons allegedly falsified a note and/or facts indicating plaintiff had requested placement in administrative detention, which purportedly lead to the forced extraction of plaintiff from his cell on June 2, 2002.  According to plaintiff, during that cell extraction he was subjected to excessive force when he was gassed with pepper spray and shot.  Plaintiff does not indicate defendant Timmons participated in the cell extraction.  The Court's threshold order took note of the bad jacketing allegation *and* the excessive force

1

allegation, but only delineated a <u>single</u> Eighth Amendment "excessive force" claim, and a parallel claim under the Federal Tort Claim Act.[1] **(*Compare* Doc. 1 *and* Doc. 11).**

Plaintiff now moves for summary judgment, arguing that the facts are not in dispute Furthermore, plaintiff construes an agency statement that monetary damages are not available through the administrative remedy program, but plaintiff could file a federal tort claim if he perceives that staff acted negligently, as an admission of liability. As an alternative to summary judgment, plaintiff requests a settlement of $5,000.00 and the expungement of disciplinary sanctions.

In response, defendants Timmons and the United States contend that genuine questions of material fact preclude summary judgment. **(Doc. 33).** By way of an affidavit **(Doc. 33-2)**, Timmons denies bad jacketing plaintiff or placing plaintiff in any danger. Timmons elaborates that *plaintiff* handed him a note indicating he– plaintiff– might be in danger. Timmons indicates that he merely turned the note over to his supervisor. Timmons also denies any involvement in the cell extraction.

### The Applicable Legal Standard for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v.*

---

[1] Plaintiff does not indicate that the bad jacketing resulted in anything more than a fear of harm from other inmates; therefore, there is no separate Eighth Amendment violation. ***See Doe v. Welborn*, 110 F.3d 520, 523-524 (7th Cir. 1997).** However, the Court's threshold order did not recognize any possible federal tort claim stemming from the alleged bad jacketing.

*Catrett*, **477 U.S. 317, (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. ***See  Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." ***Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" **(*Anderson*, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**."

<u>Analysis</u>

Plaintiff asserts that the agency response to his request for an administrative remedy (which included a request for monetary damages) constitutes an admission of liability.  The agency response states, "Your concerns were referred to the appropriate office for further review," and goes on to inform plaintiff that monetary compensation is not available through the Administrative Remedy Program, but plaintiff could file a tort claim if he believed staff acted negligently.   **(Doc. 1, Exhibit 2).**  Furthermore, the response states, "This response is provided for informational purposes only." **(Doc. 1, Exhibit 2).**

3

Despite plaintiff's assertion to the contrary, the response is clearly <u>not</u> an admission of liability.  Thus, the linchpin of plaintiff's motion has given way.  Moreover, defendant Timmons' affidavit contradicts the allegations in the complaint, leaving a genuine material question of fact.  Plaintiff's "Motion Pursuant to FRCP 7(b)(1)" **(Doc. 30)**, which this Court construes as a reply to defendants' response to the motion, does not contain plaintiff's affidavit or any other evidence to counter Timmons' affidavit.  Plaintiff has failed to show he is entitled to summary judgment, and the defendants have established that there is a question of material fact that precludes summary judgment.

Insofar as plaintiff proposes a settlement, the Court cannot order or otherwise compel a party to settle an action.  If the defendants desire accept plaintiff's settlement proposal, they are free to do so.

## <u>Recommendation</u>

Fore the aforementioned reasons, it is the recommendation of this Court that plaintiff's motion for summary judgment and/or settlement **(Doc. 18)** be denied in all respects.

**DATED: November 16, 2006**

                                                    **s/ Clifford J. Proud**
                                                    **CLIFFORD J. PROUD**
                                                    **U. S. MAGISTRATE JUDGE**