IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LESESTER DUVA MCDAUGHTERY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **04-778-MJR-CJP** |
| | ) | |
| **OFFICER TIMMONS, and** | ) | |
| **THE UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is defendants Officer Gary Timmons and the United States of America's motion to dismiss the complaint and/or for summary judgment, and memorandum in support thereof. **(Docs. 40 and 41).** Also before the Court is plaintiff Lesester Duva McDaughtery's response. **(Doc. 44).** This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c).

### Pending Claims

Plaintiff McDaughtery is in the custody of the Bureau of Prisons, housed during the relevant time period at USP-Marion, Illinois. The Court's threshold order construed the complaint as asserting" (1) an Eighth Amendment "excessive force" claim, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); and (2) and a negligence claim, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq. **(Doc. 11).** According to the summary of facts contained in the threshold order:

1

The complaint and supporting exhibits show that on June 2, 2002[1], Plaintiff was extracted from his cell and put in administrative detention. Plaintiff states that during this move he was sprayed with pepper spray and shot with one or more pellets from an anti-riot gun. The alleged "assault and battery" caused him injuries. Plaintiff states that the defendants owed him a "duty of care." Plaintiff also states that the defendants engaged in a "bad-jacketing" campaign against him, in which they were attempting to turn other inmates against him. On the face of the complaint, Plaintiff indicates that he is bringing the action under both civil rights law and the Federal Tort Claims Act ("FTCA").

**(Doc. 11, p. 2).**

A Report and Recommendation issued by this Court **(Doc. 35),** and adopted by the District Court **(Doc. 37),** observed that the threshold order takes note of the bad jacketing allegation *and* the excessive force allegation, but only delineates a <u>single</u> Eighth Amendment "excessive force" claim, and a parallel claim under the Federal Tort Claims Act. This Court surmised that, because the complaint does not indicate that the bad jacketing resulted in anything more than a fear of harm from other inmates, no separate Eighth Amendment violation was recognized. ***See Doe v. Welborn*, 110 F.3d 520, 523-524 (7th Cir. 1997) (exposure to a feared risk of assault does not implicate the Eighth Amendment).** It was further noted that the threshold order does not recognize any possible federal tort claim stemming from the alleged bad jacketing; therefore, the Eighth Amendment and FTCA claims were both considered to pertain to the alleged use of force.

Defendants's brief again raises the issue of what claims are properly before the Court. According to the complaint, on July 15, 2002, plaintiff learned from defendant Timmons that Timmons may have triggered the cell extraction at issue in this case by falsely stating that

---

[1]Although the complaint lists the relevant date as June 2, 2002, all documentation in the record reflects that the actual date of the incident was June 3, 2002. Plaintiff did not take issue with the June 3, 2002, date in his response to the subject motion.

plaintiff had given him a note requesting to be placed in administrative detention. **(Doc. 1, p. 4).** The complaint and plaintiff's brief make clear that plaintiff is claiming there is a causal connection between Timmons' submission of an allegedly false note requesting protective custody, and the resulting cell extraction, wherein plaintiff was allegedly assaulted by a "force unit," to which Timmons did not belong. **(Doc. 1, p. 5; and Doc. 44, p. 1).** As the defendants acknowledge, a causal connection is required between their conduct and the actionable harm. *See Kelly v. Municipal Courts of Marion County, Indiana*, **97 F.3d 902, 908 (7th Cir. 1996).** Thus, plaintiff has plead a viable Eighth Amendment claim against defendant Timmons. Similarly, as discussed in the threshold order, a companion federal tort claim exits for negligence, i.e assault and battery, on the part of Timmons and the United States (by and through prison staff).

Plaintiff further alleges that on July 15th Timmons discussed this matter in a loud voice so other inmates would hear and turn against plaintiff– what is referred to as "bad jacketing." **(Doc. 1, p. 5).** The "bad jacketing" occurred well after the cell extraction, so it could not have caused any excessive force used during the extraction. As previously noted, exposure to a feared risk of assault does not implicate the Eighth Amendment; thus, the bad jacketing cannot stand alone as an Eighth Amendment claim. *Doe v. Welborn*, **110 F.3d 520, 523-524 (7th Cir. 1997).**

The threshold order did not recognize a federal tort claim specifically for negligence in the form of "bad jacketing." Plaintiff's response to the subject motion repeatedly only refers to how the false note submitted by Timmons triggered the cell extraction, which involved the use of excessive force. Moreover, a review of plaintiff's administrative claim for damages does not mention bad jacketing; therefore, plaintiff has clearly not exhausted administrative remedies as

3

required by 28 U.S.C. § 2675(a).  **(Doc. 41-2, p. 16).**  Therefore, this Court considers any *possible* federal tort claim regarding bad jacketing to have been abandoned and otherwise not properly before the Court.

### Arguments Presented

The defendants argue that:

1. Defendant Timmons lacked personal involvement in the cell extraction and therefore lacks sufficient personal involvement for liability under the Eighth Amendment;

2. The two-year statute of limitations had run out before plaintiff filed his Eighth Amendment *Bivens* claim; and

3. The United States is entitled to summary judgment because the actions of prison staff were not willful and wanton and/or were legally justified.

Plaintiff counters that:

1. Timmons' Eighth Amendment liability rests upon his maliciously and sadistically filing a false note indicating plaintiff was seeking protective custody, which triggered the cell extraction;

2. The statute of limitations was tolled while plaintiff exhausted administrative remedies; and

3. Timmons' willful and wanton conduct was the proximate cause of plaintiff's injuries for which the United States may be held liable under the Federal Tort Claims Act.

### Applicable Legal Standards

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve a case on its merits.  ***See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326-27 (7th Cir.2000).**  When evaluating a Rule 12(b)(6) motion, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor.  ***See Hentosh v. Herman M. Finch Univ. of Health***

4

*Scis./The Chicago Med. Sch.,* **167 F.3d 1170, 1173 (7th Cir.1999).** Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, "[a] complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.,* **832 F.Supp. 227, 230 (N.D.Ill.1993).** However, as the Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic v. Twombly*, __ U.S. __, **127 S.Ct. 1955, 1964-1965 (2007) (internal citations and parenthetical information omitted).**

In contrast to a motion to dismiss, summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett*, **477 U.S. 317, (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply

reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." ***Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" **(*Anderson*, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, **(*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**."

## Analysis

### Personal Involvement by Timmons

An individual cannot be held liable in a *Bivens* action unless he caused or participated in an alleged constitutional deprivation. ***Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).** As discussed above, it is alleged that defendant Timmons caused excessive force to be used against plaintiff by setting in motion the chain of events that lead to the cell extraction. It is <u>undisputed</u> that Timmons was not a part of the "force team" that extracted plaintiff from his cell.

The <u>undisputed</u> evidence submitted by the defendants clearly shows that force was used against plaintiff in response to his refusal to be handcuffed, tying his cell door shut and barricading the door to his cell with a mattress, all while threatening correctional officers. **(Doc. 41-3, pp. 3, 9, and 12-26).** Therefore, there is no causal connection between Timmons' alleged falsification of the note and the use of force against plaintiff. Plaintiff's own actions broke any chain of causation. Therefore, defendant Timmons is not entitled to dismissal of the Eighth Amendment claim because causation is generally plead. However, Timmons is entitled to summary judgment on the Eighth Amendment claim, because the undisputed evidence in the

6

record shows that the alleged causal chain was broken.

**Statute of Limitations**

State law provides the applicable statute of limitations and tolling provisions, and Illinois law prescribes a two-year period for filing a personal injury action. ***See Bontkowski v. Smith*, 305 F.3d 757, 762-763 (7th Cir. 2002); 735 ILCS 5/13-202; 735 ILCS 5/13-216.** The statute of limitations provides an affirmative defense, Fed.R.Civ.P. 8(c).

The alleged use of excessive force occurred June 3, 2002. This action was filed October 27, 2004. However, plaintiff did not learn of Timmons' involvement until they had a discussion on July 15, 2002. (***See* Doc. 1, p. 5).** Therefore, it would appear that the complaint had to be filed before July 15, 2004, making this action approximately three months too late. However, as plaintiff points out, he is required to exhaust administrative remedies before filing suit. **42 U.S.C. § 1997e(a).** In accordance with *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), the Illinois statute is tolled while administrative remedies are being exhausted. The defendants did not address this issue in their brief, or in a reply after plaintiff raised the tolling question.

A review of the record reveals that plaintiff requested an institutional administrative remedy on August 14, 2002, which was denied on appeal at the national level on December 3, 2002. **(Doc. 1, pp. 7-8).** Therefore, the statute of limitations was tolled for approximately four months. Therefore, the complaint was timely filed; or alternatively, it can be said that the defendants failed to meet their burden of proof on this issue.

**Viability of the Federal Tort Claim**

The Federal Tort Claims Act ("FTCA"), "provides a remedy for personal injuries caused

by negligent acts of governmental employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). Under the FTCA the federal government is liable to the same extent that a private individual would be under the law of the state where the negligent act occurred– in this case, Illinois. *See* 28 U.S.C. § 2674." **Luna v. U.S., 454 F.3d 631, 632 (7th Cir. 2006).** In general terms, under Illinois law, in a negligence action, the plaintiff must establish that the defendant owed a duty of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach. *See Velarde v. Illinois Cent. R.R. Co.*, **820 N.E.2d 37, 51 (Ill. App. Ct. 2004).**

With respect to the specific allegation that the use of force used in the cell extraction was an assault and battery (*see* **Doc. 1, p. 5**), as defendants observe, a claim for assault must include an allegation of a reasonable apprehension of an imminent battery. **Jacobs v. Paynter, 727 F.Supp. 1212, 1219-20 (N.D.Ill. 1989).** "A battery occurs when one 'intentionally or knowingly *without legal justification* and by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." **Smith v. City of Chicago, 242 F.3d 737, 744 (7th Cir. 2001) (citing 720 ILCS 4/12-3(a)) (emphasis added).** However, under Illinois law, a public employee has immunity from liability if engaged in the enforcement of the law, unless there is willful and wanton conduct. *See* **745 ILCS 10/2-202 (Illinois Local Government and Government Immunity Act).** Willful and wanton conduct is defined as showing "an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or disregard for the safety of others or their property." **745 ILCS 10/1-210.** *See, e.g. Smith*, **242 F.3d 744;** *Carter v. Chicago Police Officers*, **165 F.3d 1071, 1080 (7th Cir. 1998).** Whether this governmental immunity applies in FTCA actions is subject to

8

debate, particularly since the FTCA states that tort liability is established in the same manner as for "a private individual under like circumstances." *See* **28 U.S.C. § 2674; and *Kaniff v. U.S.*, 351 F.3d 780, 790 (7th Cir. 2003).**

Regardless of which standard controls, the defendant United States is entitled to summary judgment. Prison officials have the legal authority to use necessary force, which would include the pepper spray and stun gun shooting foam batons that were used against plaintiff. *See* **28 C.F.R. §§ 552.20 (use of necessary force), 552.22 (use of force to defend or protect self or others and/or enforce institutional regulations), and 552.25 (chemical agents and non-lethal weapons).** Plaintiff has been found guilty of violating institutional rules by refusing to submit to restraints as ordered, tying his cell door closed. **(Doc. 41-4, p. 10 (6/3/2002 entry)).** Plaintiff cannot, and he has not, challenged his disciplinary convictions. *Heck v. Humphrey,* **512 U.S. 477 (1994).** There are no questions of fact at this juncture to preclude summary judgment. Plaintiff's disciplinary conviction establishes he broke prison rules, and he has not argued or provided any evidence to contradict the voluminous documentation submitted by the defendants that there was legal justification for the "assault and battery" on plaintiff.

Similarly, no questions of fact preclude summary judgment under the "willful and wanton" standard used for governmental immunity. Plaintiff has not rebutted the voluminous evidence that force was used in accordance with the aforementioned legal criteria. Moreover, plaintiff has asserted only that defendant Timmons' conduct was willful and wanton. Timmons did not participate in the use of force and, for the reasons set forth above, there was no causal connection between Timmons' actions and the use of force against plaintiff.

**Recommendation**

9

For the aforestated reasons, it is the recommendation of this Court that the defendant's motion for summary judgment **(Doc. 40)** be **GRANTED**, in that: defendant Timmons lacked personal involvement sufficient to incur liability for the alleged Eighth Amendment claim related to the use of excessive force; there is no recognized Eighth Amendment claim for bad jacketing; and the United States is entitled to summary judgment on the Federal Tort Claims Act claims for negligence related to assault and battery; and a Federal Tort Claims Act claim for bad jacketing is not properly before the Court.  If this report and recommendation is adopted in full, no claims would remain and judgment in favor of the defendants should be entered.

**DATED: February 5, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 25, 2008**.  No extensions of time will be granted.